IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MANATT, PHELPS & PHILLIPS, LLP<br>700 12th Street, NW, Suite 1100<br>Washington, DC 20005,<br><br>            Plaintiff,<br><br>-v.-<br><br>UNITED STATES DEPARTMENT OF<br>TRANSPORTATION,<br>Federal Railroad Administration<br>1120 Vermont Avenue, NW<br>Washington, DC 20590,<br><br>            Defendant. | CIVIL ACTION NO. _____ |

## COMPLAINT FOR DECLARATORY RELIEF

### INTRODUCTION

1. This is an action seeking to redress the failure of the Defendant U.S. Department of Transportation, Federal Railroad Administration, to provide Plaintiff with records responsive to Plaintiff's April 17, 2006 Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") request pertaining to the Dakota, Minnesota & Eastern Railroad ("DM&E"). Plaintiff seeks injunctive relief directing Defendant to immediately provide copies of all records and documents responsive to its FOIA request, and declaratory relief that Defendant has violated the FOIA and Administrative Procedure Act, 5 U.S.C. § 701-706 ("APA") regarding Defendant's acts and omissions in responding to Plaintiff's FOIA request.

## JURISDICTION, VENUE AND BASIS FOR RELIEF

2. This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 (federal question) and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

3. Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Declaratory relief is appropriate under 28 U.S.C. § 2201.

5. Injunctive relief is appropriate under 28 U.S.C. § 2202.

## PARTIES

6. Plaintiff, Manatt, Phelps & Phillips, LLP, is a law firm incorporated and existing under the laws of the State of California doing business in the District of Columbia.

7. Defendant United States Department of Transportation, Federal Railroad Administration is an agency of the United States and, as such, is subject to the FOIA pursuant to 5 U.S.C. § 552(f).

## STATEMENT OF FACTS

8. On April 17, 2006, Plaintiff sent a Freedom of Information Act request to the Federal Railroad Administration ("FRA") requesting documents and records related to federal loans sought by or made to the Dakota, Minnesota & Eastern Railroad.

### THE DM&E RAIL EXPANSION PROJECT

9. The DM&E proposes to build new track into Wyoming's Powder River Basin; to rehabilitate track through South Dakota and Minnesota; and to transport coal and hazardous materials

through Wyoming, South Dakota, and Minnesota, including through Rochester, Minnesota, within several hundred feet of the Mayo Clinic.

10. The proposed project is one of the largest private construction projects ever undertaken, extending in linear miles the equivalent of coast-to-coast. If it were constructed, then dozens of trains containing tons of coal and hazardous material would be sent along the new rail network. The more-than-a-mile long trains, each carrying more than 30 million pounds of coal, would bisect communities, residential properties, and federally-protected wildlands in more than seven states. More than 10,000 pages of environmental analysis was conducted by the Surface Transportation Board in its review of a portion of the project, documenting the enormous adverse impacts the project would have on those who reside near the tracks, those who receive medical care within blocks of the tracks (e.g., at the Mayo Clinic), the movement of emergency vehicles and other vehicular traffic, and on national parks, wetlands, and endangered species.

## PENDING DM&E LOAN APPLICATION

11. In late 2005, DM&E applied for a $2.5 billion loan from the FRA to finance the construction project.

12. In early 2006, DM&E worked with the FRA to restructure that loan application into at least two separate loan applications one of which is for $2.3 billion.

13. The DM&E proposes to use the $2.3 billion loan to expand and rehabilitate its rail network.

14. The FRA is currently reviewing whether to approve or disapprove the DM&E's $2.3 billion loan application.

15. The Secretary of Transportation must decide whether to approve or disapprove the $2.3

billion loan to the DM&E within 90 days of January 31, 2007. (45 U.S.C. § 822(i)).

16. Various organizations and members of the public, including the City of Rochester, Minnesota, County of Olmsted, Minnesota, Mayo Clinic Rochester, the Rochester Area Chamber of Commerce and the Sierra Club have raised substantial concerns about the safety, economic feasibility and environmental consequences of FRA granting the proposed loan.

17. Granting the loan could lead to significant safety consequences that would endanger the lives of thousands of Mayo Clinic patients and staff.

18. According to FRA statistics, DM&E is consistently one of the nation's most unsafe railroads.

19. The Secretary of Transportation is required to determine that the loan can be repaid (45 U.S.C § 822(g)).

20. If the $2.3 billion loan is granted, then the DM&E's loan repayments would approximate its current gross revenues as a Class II railroad.

21. In 2003, the FRA granted a loan to the DM&E totaling $233.6 million, which remains outstanding.

22. On January 31, 2007, the FRA announced that it had approved an additional loan of $48.3 million to the DM&E.

23. FRA has refused to make available to the Plaintiff or the public the current loan application, and any information concerning the DM&E's finances or the identity and location of DM&E's shareholders.

24. The FRA has refused to make available to the Plaintiff or the public the loan application and any information concerning the $233.6 million loan to the DM&E in 2003 and the $48.3 million loan approved in January 2007.

25. The information requested by Plaintiff is essential to determine whether the DM&E can repay the pending loan application.

## HISTORY OF FOIA REQUEST

26. On April 17, 2006, Plaintiff sent a FOIA request to the FRA requesting documents and records related to federal loans sought by or made to the DM&E.

27. On or about April 18, 2006, FRA acknowledged receipt of Plaintiff's FOIA request, stating that such requests are processed "on a first in first out basis." The request was assigned FRA FOIA File No.: FOIA-06-280.

28. One month later, on or about May 19, 2006, the FRA requested clarification about the scope of the FOIA request. Due to an incorrect address, this letter was re-sent by the FRA on or about June 5, 2006.

29. One week after receiving the FRA's letter, on or about June 12, 2006, Plaintiff responded reiterating the scope of its FOIA request, agreeing to pay fees to fulfill the request, explaining the urgency of the request, and expressing a willingness "to work with you, and make ourselves available to you, in any way possible and allowable that could lighten your load and move the process along more quickly."

30. On or about July 14, 2006, nearly three months after making its FOIA request, Plaintiff again wrote to the FRA: "As we have written previously, this FOIA request is a matter of urgency; it relates to a procedure at DOT that is on a fast track to decision."

31. On or about July 26, 2006, the FRA wrote requesting greater specificity in order to expedite the process.

32. By letter of September 15, 2006, Plaintiff set forth a list of specific documents the FRA could provide prior to the completion of its search.

33. On or about October 26, 2006, FRA advised that it had located documents related to the 2003 loan to the DM&E (but did not identify any documents it had located related to the 2006 loan request that Plaintiff had specified as a high priority); that FRA had provided those documents to the DM&E for review; that it had set a November 20, 2006 deadline for the DM&E to respond; and that it would notify Manatt in writing of its determination.

34. On January 10, 2007, pursuant to Plaintiff's oral status request, the FRA advised that it had not received any response from the DM&E.

35. On January 19, 2007, the FRA orally advised that the DM&E had not responded to the November 20, 2006 deadline but DM&E planned to take until the end of January 2007 to respond.

36. At no time has FRA provided Plaintiff with any documents responsive to its FOIA request.

37. At no time has the FRA provided any determination – written or otherwise -- as to whether it would disclose or not disclose the requested documents. Nor has the FRA provided any documents.

38. Plaintiff is directly and adversely affected by Defendant's failure to make a timely determination and to provide responsive records and documents.

39. FRA has shielded the $2.3 billion loan from any public scrutiny by refusing to comply with the FOIA request.

40. Pursuant to regulations promulgated by the Department of Transportation (49 C.F.R. § 7.21(c)), Plaintiff may commence this action without seeking an administrative appeal.

41. Plaintiff has been required to incur costs, consisting of attorneys, law clerks, and legal assistants, and time and effort to prosecute this action.

## COUNT I

### FREEDOM OF INFORMATION ACT

42. The allegations made in paragraphs 1 through 41 are realleged and incorporated by reference herein.

43. By failing to provide Plaintiff with any records responsive to its FOIA requests, Defendant has denied Plaintiff's right to this information under the FOIA.

44. Unless enjoined by this Court, Defendant will continue to violate Plaintiff's legal rights to access the records that it has requested pursuant to the FOIA.

45. Plaintiff is entitled to reasonable costs of litigation, including attorneys' fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## COUNT II

### ADMINISTRATIVE PROCEDURE ACT

46. The allegations made in paragraphs 1 through 45 are realleged and incorporated by reference herein.

47. Plaintiff is entitled to judicial review of Defendant's actions concerning its FOIA request pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 702, 706.

48. Defendant has failed to act in an official capacity under color of legal authority by failing to comply with the statutory time frames of FOIA in processing Plaintiff's FOIA request.

49. Defendant has unlawfully withheld and/or unreasonably delayed agency action by failing to comply with the mandates of FOIA regarding Plaintiff's FOIA request.

50. Plaintiff has been adversely affected and aggrieved by Defendant's failure to comply with the mandates of FOIA regarding Plaintiff's FOIA requests, and said acts and failure to act constitute an ongoing violation of Defendant's statutory duties under the APA and FOIA.

51. Defendant's actions regarding Plaintiff's FOIA requests, are arbitrary and capricious, an abuse of discretion and otherwise not in accordance with law.

52. Plaintiff is entitled to costs of disbursements and costs of litigation, including reasonable attorneys' and expert witness fees, under the Equal Access to Justice Act, 28 U.S.C. § 2412.

## COUNT III

## DECLARATORY JUDGMENT ACT

53. The allegations made in paragraphs 1 through 52 are realleged and incorporated herein by reference.

54. Pursuant to 28 U.S.C. § 2201, Plaintiff is entitled to a declaratory judgment that Defendant violated FOIA by failing to provide Plaintiff with all documents and records responsive to Plaintiff's April 17, 2006 FOIA request prior to filing this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

1. Order Defendant to immediately provide to Plaintiff copies of all requested documents sought in Plaintiff's FOIA request of April 17, 2006.

2. Declare the Defendant's refusal and failure to respond adequately to Plaintiffs' FOIA request in a timely manner to be arbitrary, capricious, an abuse of discretion, and not in accordance with law.

3. Award Plaintiff's costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412.

4. Grant such other and further relief as the Court may deem just and proper.

Dated: February 20, 2007

Respectfully submitted,

Of Counsel:
Stephen M. Ryan (D.C. Bar No. 359099)
McDermott, Will & Emery
600 Thirteenth Street, N.W.
Washington, DC 20005-3096

By: _____
Stephen L. Neal (D.C. Bar No. 441405)
C. Dean McGrath, Jr. (D.C. Bar No. 453574)
Michael D. White (D.C. Bar No. 493481)
MANATT PHELPS & PHILLIPS, LLP
700 12th Street, N.W.
Suite 1100
Washington, D.C. 20005
(202) 585-6575 (voice)
(202) 585-6600 (facsimile)

30195094.1

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Manatt, Phelps & Phillips, LLP | United States Department of Transportation<br>Federal Railroad Administration |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __1101__<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Manatt, Phelps & Phillips, LLP<br>700 12th St., NW, Suite 1100<br>Washington, DC 20005 | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 2 U.S. Government Defendant
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
- ☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ◉ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☑ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ◉ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Federal Information Act 5 U.S.C. § 552; Administrative Procedure Act 5 U.S.C. § 702, 706; Declaratory Judgment Act 28 U.S.C.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint   JURY DEMAND: YES ☐  NO ☑

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐  NO ☒  If yes, please complete related case form.

DATE 2/20/07   SIGNATURE OF ATTORNEY OF RECORD _____

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.